Mr. Justice Clayton
delivered the opinion of the court.
It is at this day the settled law, that any acts done by one partner, in regard to the property or contracts of the partnership, beyond the scope and objects of the partnership, do not bind the firm, without some special authority for the purpose.
In the case of a partner paying his own separate debt out of the partnership funds, it is manifest that it is a violation of his duty, and of the rights of his partners, unless they have assented to it. The act is an illegal conversion of the funds; and the separate creditor can have no better title to the funds, than the partner himself had. Whether the creditor knew the property to be partnership property or not, seems not to be material. Rogers v. Batchelor, 12 Peters, 230.
This case falls within this principle! Minor procured a receipt from Sisloff for a debt due to Gaw Sisloff, by allowing Sis-loff a credit on a debt due from Sisloff individually. If he did not know, very slight diligence would have informed him that the account thus settled was due, not to Sisloff alone, but to the partnership of which he was a member.
The charges given by the court below were quite as favorable to the plaintiff in error, as the law would justify.
Actual payment to one partner of a debt due to a firm, stands upon quite a different footing. To receive payment is within the implied, if not express, power of each and every partner.
Grant that a payment in land to one partner may be as valid as a payment in money, a proposition not necessary to be now determined, yet the evidence in this case does not show a payment of a partnership debt in land, but the application of a credit *327 to a debt previously due from one of the partners for the purchase of land.
There is nothing in the objections to the bill of discovery, which ought to reverse the judgment.
The judgment is affirmed.